UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

JOSE S. HERNANDEZ
and other similarly situated individuals,

    Plaintiff(s),

v.

KANTZAVELOS G-1, INC.,
d/b/a GREEK ISLAND TAVERNA,
SAM KANTZAVELOS, and
GEORGE KANTZAVELOS, individually

    Defendants,

_____/

COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, JOSE S. HERNANDEZ, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants KANTZAVELOS G-1, INC., d/b/a GREEK ISLAND TAVERNA, SAM KANTZAVELOS, and GEORGE KANTZAVELOS, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff JOSE S. HERNANDEZ is a covered employee for purposes of the Act. The Plaintiff is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant KANTZAVELOS G-1, INC., d/b/a GREEK ISLAND TAVERNA (hereinafter GREEK ISLAND TAVERNA, or Defendant) is a Florida corporation having a place of business in Miami-Dade County, Florida, where the Plaintiff worked. Defendant was engaged in interstate commerce.

4. The individual Defendants SAM KANTZAVELOS and GEORGE KANTZAVELOS were and are now the owners/partners/officers and operators of Defendant Corporation GREEK ISLAND TAVERNA. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Broward County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff JOSE S. HERNANDEZ as a collective action to recover from the Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 2021, (the "material time") without being adequately compensated.

7. Defendant GREEK ISLAND TAVERNA is a Greek/Mediterranean restaurant located at 3300 N Ocean Blvd, Ft Lauderdale, FL 33308, where Plaintiff worked.

8. Defendants GREEK ISLANDS TAVERNA, SAM KANTZAVELOS, and GEORGE KANTZAVELOS employed Plaintiff JOSE S. HERNANDEZ approximately from March 01, 2021, to May 09, 2021, or 10 weeks.

9. Plaintiff was hired as a non-exempted full-time restaurant employee. Plaintiff had duties as a buzz boy and janitorial employee. Plaintiff was paid at the rate of $9.00 an hour plus tips. Plaintiff's overtime rate should be $13.50 an hour.

10. During his time of employment with Defendants, Plaintiff had a very irregular schedule, and Plaintiff worked seven days per week morning and afternoon shifts. On Mondays and Tuesdays, Plaintiff worked from 4:00 PM to 11:30 PM (7.5 hours each day); on Wednesdays from 8:30 AM to 11:30 PM (15 hours); on Thursdays from 8:30 AM to 4:30 PM (8 hours); on Fridays and Saturdays from 8:30 AM to 11:30 PM (15 hours each day); and on Sundays, Plaintiff worked from 4:00 PM to 11:30 PM (7.5 hours). Plaintiff completed 75.5 working hours every week. Plaintiff was unable to take bonafide lunch periods.

11. Plaintiff always worked more than 40 hours in a week, but he was paid for an average of 40 regular hours, and he was not paid for his overtime hours.

12. Plaintiff clocked in and out, and the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

13. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. Plaintiff was paid weekly, with paystubs that did not show the real number of days and hours worked.

15. Plaintiff was not in agreement with the lack of payment for overtime hours. On or about May 09, 2021, Plaintiff complained and demanded to be paid overtime hours to manager Christopher Kantzavelos. As a result, manager Christopher Kantzavelos fired Plaintiff on the spot.

16. Plaintiff JOSE S. HERNANDEZ seeks to recover any regular and overtime wages for every hour above 40 that he worked, retaliatory damages, liquidated damages, and any other relief as allowable by law.

17. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**</u>

18. Plaintiff JOSE S. HERNANDEZ re-adopts every factual allegation stated in paragraphs 1-17 above as if set out in full herein.

19. Plaintiff JOSE S. HERNANDEZ brings this cause of action as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after November 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

20. Defendant GREEK ISLAND TAVERNA was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as a Greek/Mediterranean restaurant and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

21. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

22. Defendants GREEK ISLANDS TAVERNA, SAM KANTZAVELOS, and GEORGE KANTZAVELOS employed Plaintiff JOSE S. HERNANDEZ approximately from March 01, 2021, to May 09, 2021, or 10 weeks.

23. Plaintiff was hired as a non-exempted full-time restaurant employee. Plaintiff had duties as a buzz boy and janitorial employee. Plaintiff was paid at the rate of $9.00 an hour plus tips. Plaintiff's overtime rate should be $13.50 an hour.

24. During his employment with Defendants, Plaintiff had a very irregular schedule. Plaintiff worked seven days per week, a total of 75.5 hours weekly. Plaintiff was unable to take bonafide lunch periods.

25. Plaintiff always worked more than 40 hours in a week, and he was paid for an average of 40 regular hours, but he was not paid for his overtime hours.

26. Plaintiff clocked in and out, and the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

27. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

28. Plaintiff was paid weekly, with paystubs that did not show the real number of days and hours worked.

29. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of the Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

30. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

31. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    * Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.
    *Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

        Three Thousand Seven Hundred Twenty Dollars and 40/100 ($3,720.40)

    b. <u>Calculation of such wages</u>:

        Relevant weeks of employment:  10 weeks
        Total number of relevant weeks: 10 weeks
        Total hours worked:  75.5 hours weekly
        Total overtime hours: 35.5 hours weekly
        Regular rate: $9.00 an hour x 1.5 = $13.50
        Overtime rate: $13.50 an O/T hour-$3.02 Maximum tip credit=$10.48

        O/T rate $10.48 x 35.5 O/T hours=$372.04 weekly x 10 weeks=$3,720.40

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

        This amount represents unpaid overtime wages.

32. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

33. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement

of Plaintiff's and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

34. At times mentioned, individual Defendants SAM KANTZAVELOS and GEORGE KANTZAVELOS were the owners/partners/managers of GREEK ISLAND TAVERNA. Defendants SAM KANTZAVELOS and GEORGE KANTZAVELOS were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of GREEK ISLAND TAVERNA concerning its employees, including Plaintiff and others similarly situated. Defendants SAM KANTZAVELOS and GEORGE KANTZAVELOS had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees. They are jointly and severally liable for Plaintiff's damages.

35. Defendants GREEK ISLAND TAVERNA, SAM KANTZAVELOS and GEORGE KANTZAVELOS willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

36. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOSE S. HERNANDEZ and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff JOSE S. HERNANDEZ and other similarly situated individuals and against the Defendants GREEK ISLAND TAVERNA, SAM KANTZAVELOS and GEORGE KANTZAVELOS based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff JOSE S. HERNANDEZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JOSE S. HERNANDEZ demands trial by a jury of all issues triable as right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

37. Plaintiff JOSE S. HERNANDEZ re-adopts every factual allegation as stated in paragraphs 1-17 of this complaint as if set out in full herein.

38. The employer GREEK ISLAND TAVERNA was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail company performing as a restaurant. Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

39. Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated handled and worked on goods and materials and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

40. Defendant GREEK ISLAND TAVERNA was and is subjected to the provisions of the Fair Labor Standards Act (FLSA).

41. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

42. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

43. Defendants GREEK ISLANDS TAVERNA, SAM KANTZAVELOS, and GEORGE KANTZAVELOS employed Plaintiff JOSE S. HERNANDEZ approximately from March 01, 2021, to May 09, 2021, or 10 weeks.

44. Plaintiff was hired as a non-exempted full-time restaurant employee. Plaintiff had duties as a buzz boy and janitorial employee. Plaintiff was paid at the rate of $9.00 an hour plus tips. Plaintiff's overtime rate should be $13.50 an hour.

45. During his time of employment with Defendants, Plaintiff had a very irregular schedule. Plaintiff worked seven days per week, for a total of 75.5 working hours. Plaintiff was unable to take bonafide lunch periods.

46. Plaintiff always worked more than 40 hours in a week, and he was paid for an average of 40 regular hours, but he was not paid for his overtime hours.

47. Plaintiff clocked in and out, and the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

48. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

49. Plaintiff was paid weekly, with paystubs that did not show the real number of days and hours worked.

50. The Plaintiff was not in agreement with the lack of payment for overtime hours. On or about May 09, 2021, Plaintiff complained and demanded to be paid overtime hours to manager Christopher Kantzavelos.

51. This complaint constituted protected activity under the Fair Labor Standards Act.

52. As a result of Plaintiff's complaint, manager Christopher Kantzavelos mistreated Plaintiff and fired him on the spot.

53. At all times during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

54. There is close proximity between Plaintiff's protected activity and the date of his termination.

55. At the times mentioned, individual Defendants SAM KANTZAVELOS and GEORGE KANTZAVELOS were the owners/partners/managers of GREEK ISLAND TAVERNA.

Defendants SAM KANTZAVELOS and GEORGE KANTZAVELOS were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of GREEK ISLAND TAVERNA concerning its employees, including Plaintiff and others similarly situated. Defendants SAM KANTZAVELOS and GEORGE KANTZAVELOS had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

56. Defendants GREEK ISLAND TAVERNA, SAM KANTZAVELOS and GEORGE KANTZAVELOS willfully and intentionally refused to pay Plaintiff overtime wages as required by the FLSA, and then retaliated against Plaintiff by firing him.

57. The motivating factor which caused Plaintiff's termination as described above was the complaint seeking overtime wages from the Defendants. In other words, Plaintiff would not have been discharged but for his complaint about overtime wages.

58. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, the Plaintiff has been damaged.

59. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOSE S. HERNANDEZ respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants GREEK ISLAND TAVERNA, SAM KANTZAVELOS, and GEORGE KANTZAVELOS that Plaintiff JOSE S. HERNANDEZ recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff JOSE S. HERNANDEZ further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff JOSE S. HERNANDEZ demands trial by a jury of all issues triable as right by a jury.

Dated: May 31, 2021

Respectfully submitted,

By: __/s/ Zandro E. Palma__
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*